THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9    UNITED STATES OF AMERICA,                    CASE NO. CR20-0155-JCC

10                          Plaintiff,            ORDER

11          v.

12   BENJAMIN SHERWOOD,

13                          Defendant.

14

15          This matter comes before the Court on Defendant's motion for a bill of particulars (Dkt.

16   No. 31). Having thoroughly considered the parties' briefing and the relevant record, the Court

17   finds oral argument unnecessary and hereby DENIES the motion as explained below.

18                          I.       BACKGROUND

19          In September 2020, the Government charged Defendant by criminal complaint

20   ("Complaint") with one count of smuggling a firearm silencer and one count of possessing an

21   unregistered firearm. (Dkt. No. 1 at 2.) The Complaint alleges that U.S. Customs and Border

22   Patrol agents inspected a package from China addressed to Defendant, which purported to

23   contain a vehicle part but in fact contained a firearm silencer. (*Id.* at 3–4 (including photos of the

24   items in the package).) The Complaint asserts that the items in the package are consistent with

25   ATF technical guidance concerning the components of a firearm silencer. (*Id.* at 4–5.)

26          Following Defendant's arrest, he allegedly told agents that the parcel from China was a

"solvent trap" for one of his firearms and that he had another one in his closet. (*Id.* at 7.) Agents went to the place he had indicated and allegedly found "a black[,] metal firearm silencer in that location." (*Id.*)

Later that month, a grand jury returned an indictment ("Indictment") charging Defendant with one count of smuggling merchandise and two counts of possessing an unregistered firearm. (Dkt. No. 13.) Count 2 relates to "a black[,] metal silencer in a cabinet in his residence," and Count 3 relates to "a black[,] metal silencer contained in a parcel from China." (*Id.* at 1–2.)

## II.   DISCUSSION

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Cr. P. 7(c)(1). But if the indictment is too vague to advise the defendant of the specific acts constituting the offense, the Court may direct the Government to file a bill of particulars. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citing Fed. R. Cr. P. 7(f)). The purpose of a bill of particulars is to "apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation[,] and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In deciding whether to order a bill of particulars, courts consider "the indictment and all other disclosures made by the government." *Id.*; *see also United States v. Lillard*, 2016 WL 11683870, slip op. at 1 (W.D. Wash. 2016) (citing *Giese*, 597 F.2d at 1180).

Defendant argues that particulars are appropriate because the Indictment does not specify *why* the Government believes that the black, metal devices are unregistered silencers. (Dkt. No. 31 at 1.) The statutory definition for firearm includes "any firearm muffler or firearm silencer." 18 U.S.C. § 921(a)(3). A "firearm muffler or . . . silencer," in turn, means:

> any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

*Id.* § (a)(24). Thus, something can be a "silencer" (1) if it is a device "for" diminishing the report

(i.e., the firing sound)[1] of a firearm or (2) if it is "designed . . . and intended" for use in assembling or fabricating such a device.[2] Defendant argues that, because the Indictment does not specify why the Government thinks the devices it seized from him are silencers, he is "left to speculate about the government's theory as to which portion of the definition the objects fall under." (Dkt. No. 31 at 5.) This is critical, he contends, because one way to prove that he possessed a silencer requires the Government to show he intended to use the objects as silencers, whereas the other way only requires proof that he knew the device could be used as a silencer. (*Id.* at 3, 5 (citing *United States v. Crooker*, 608 F.3d 94 (1st Cir. 2008)); *see also Staples v. United States*, 511 U.S. 600, 619 (1994) (a conviction requires proving the defendant's knowledge of a weapon's features that make it subject to the National Firearms Act).

A bill of particulars is not necessary here. The Indictment and the Complaint make it plain that Defendant's criminal charges stem from two specific black, metal objects—the one in the package from China and the one from his closet. Defendant asserts that this is not enough, that the Indictment must also "specify how the items are 'silencers,' and thus, 'firearms'" under the statutory definition. (Dkt. No. 35 at 2.). But "[t]he purpose of a bill of particulars is to secure facts, not legal theories." *Rose v. United States*, 149 F.2d 755, 759 (9th Cir. 1945) (cited in *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) ("Assuming . . . that all relevant facts were disclosed . . . , the government is not obliged to disclose the legal theory under which it will proceed.")).

Defendant says he is not trying to learn legal theories, just to understand, factually, what about the items makes them "silencers." (Dkt. No. 35 at 2.) This is still a request for legal theories—he wants the Government's opinion on how the law applies to facts that he already knows. (*See id.* at 3 (requesting that the Government "identify *which portion of the silencer*

---

[1] *Report*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/report ("an explosive noise").

[2] There is a way to be a silencer: "any part intended only for use in such assembly or fabrication." *See Crooker*, 608 F.3d 94 at 97 (describing three tests).

*definition* Mr. Sherwood's alleged items fall under" and "exactly what characteristics the items have *that bring them within the definition*" (emphasis added)).)

Such requests can be proper in civil cases, *see* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact), but Defendant cannot seek a bill of particulars to circumvent the limits on federal criminal discovery, *see Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960). Moreover, Defendant cites no legal authority that supports making the Government explain which facts trigger what part of the "silencer" definition, nor has the Court been able to identify any.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion for a bill of particulars (Dkt. No. 31) is DENIED.

DATED this 20th day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0155-JCC
PAGE - 4